Bradley J. KVALE, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–311.

Supreme Court of Minnesota.

July 27, 1982.

Rehearing Denied Sept. 20, 1982.

---

Chestnut & Brooks and Kevin Burke, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon Bergstrom, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On May 7, 1980, pursuant to a plea agreement, petitioner pleaded guilty to simple robbery in connection with the March 12 robbery of a service station and to aggravated robbery in connection with the March 16 armed robbery and brutal beating of an individual. The trial court sentenced petitioner to concurrent prison terms of 0 to 10 years and 1 year and 1 day to 20 years. It appears that under the matrix established by the Minnesota Corrections Board petitioner will be eligible for release at the earliest after serving 51 months in prison.

It appears from the file that petitioner's criminal history score at the time of sentencing would have been three. Simple robbery is a severity level V offense and aggravated robbery is a severity level VII offense. The presumptive sentence for simple robbery by one with a criminal history score of three is 30 months in prison, and the presumptive sentence for aggravated robbery by one with a criminal history score of three is 49 months in prison.

As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the violent nature of the offenses and petitioner's record of recidivism, we cannot conclude that the postconviction court improperly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner, who is now 24 years old, remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.